## No. 374

### SCRAMBLING CO. et v. TENNANT DRUG CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7105. Decided April 25, 1927

745. MALICIOUS PROSECUTION—In a malicious prosecution action, in order to invoke the defense of advice of counsel, all facts must be laid impartially and fully before counsel, and it is within the province of the jury to find that such was not the case under a charge embodying the above.

923. PLEADINGS—The court may allow a supplemental petition to be filed in furtherance of justice, and where in a malicious prosecution case damage arises, that could not have been forseen, it is a proper case where the amendment will be allowed.

355. DAMAGES—Compensatory damages in the amount of $2500 against several defendants in a malicious prosecution prosecution case and $7500 punitive damages against one of the defendants is proper and not excessive.

#### First Publication of this Opinion

LEVINE, J.

The Tennant Drug Company filed its petition in the Cuyahoga Common Pleas against the Scrambling Co. et. for malicious prosecution, alleging that the Ccrambling Co. et had without probable cause, filed a petition in bankruptcy against them. The answer in the usuaal form alleges further that the Scrambling Co. et. acted under advice of counsel. A trial in the lower court resulted in a verdict for the Drug Co. and error was prosecuted.

The Court of Appeals held:

1. It is claimed by the Scrambling Co. that the judgment should be reversed, for the reason that they acted upon advice of counsel, and that there was probable cause for filing the bankruptcy proceedings.

2. Among the allegations of probable cause were cited, that the Drug Company was indebted in various large sums, that many if not all were overdue, that they had refused to give a Bradstreet rating, that they had been put off as to payment, that they were slow pay, and seemingly not in a prosperous condition.

3. As to whether the Scrambling Company submitted full information concerning the financial standing of the Drug Company to their attorney before commencing bankruptcy proceedings, the jury was within its province to find that full information was not given.

4. The claim is that error was committed in allowing the Drug Co. to file a supplemental petition. It appears after the court had instructed the jury that they could not assess damages beyond the time of filing; and to prove that their good will, and name, etc. had been injured after the bankruptcy proceedings.

5. It is now universally recognized that a loss that happens after action is brought, as a direct consequence of the wrong for which the action was brought, may be compensated though it had not happened or could not have been foreseen when the action was brought.

6. Sec. 11363 GC. allows such a filing in furtherance of justice. Cinn. v. Cameron, 33 OS. 336; Green v. Boss, 25 O. C. D. 27.

7. Under instructions of the court, the jury returned a verdict for $15000.00 apportional as follows:—$2500 as compensatory damages against each of the defendants and $7500 punitive damages against the Scrambling Co.

8. "If in such a case (malicious prosecution) the evidence warranted a finding that in the passing and publication of such a preamble, some of the defenadnts were actuated by express malice and others were not, and the jury should so find, it is proper practice to render a verdict against all of the defendants for compensatory damages and an additional amount as exemplary damages against those found to have been guilty of express malice." Mauck v. Brundage, 68 OS. 89.

Judgment affirmed.

(Sullivan, PJ., and Vickery, J., concur.)

Attorneys—Walter D. Meals for Scrambling Co; Cline & Patterson for Drug Co.; all of Cleveland.